[relates to Docket Item Nos. 9 and 14]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HESSERT CONSTRUCTION NEW JERSEY, L.L.C., <br><br> Plaintiff, <br> v. <br><br> GARRISON ARCHITECTS, P.C., et al., <br><br> Defendants. | HON. JEROME B. SIMANDLE <br><br> Civil No. 06-5696 (JBS) <br><br> **OPINION** |

**APPEARANCES:**

Joseph A. Battipaglia, Esq.
Veronica J. Finkelstein, Esq.
DUANE MORRIS L.L.P.
One Liberty Place
Philadelphia, PA 19103-3185
    Attorneys for Plaintiff, Hessert Construction New Jersey, L.L.C.

George T. Reynolds, Esq.
POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.
1814 East Route 70
Suite 304
Cherry Hill, NJ 08003
    Attorney for Defendants Williard Inc., United States Fidelity and Guaranty Company, Arch Insurance Company, and Williard, A Division of Limbach Co., L.L.C.

**Simandle**, District Judge:

This matter comes before the Court upon two motions: (1) the motion of Defendants Williard Inc., United States Fidelity and Guaranty Company, Arch Insurance Company, and Williard, a Division of Limbach Co., L.L.C. (collectively the "Defendants") to dismiss for lack of subject matter jurisdiction [Docket Item No. 9] ("Motion to Dismiss") and (2) the subsequent cross-motion

of Plaintiff-Hessert Construction New Jersey, L.L.C. ("Hessert") for leave to amend the Complaint, or in the alternative, to Remove to state court [Docket Items No. 13, 14] ("Motion to Amend").  The resolution of the jurisdictional issue turns upon the principal question presented, whether, as Defendants allege, the citizenry of a unincorporated limited liability company is each state in which an owner is a citizen.  The Court has considered the submissions of the parties, and for the reasons expressed below, will grant Defendants' Motion to Dismiss, and deny Plaintiff's Motion to Amend.

I.      **BACKGROUND**[1]

On November 28, 2006, Hessert, a New Jersey limited liability company, filed a complaint against Garrison Architects, P.C., Jon Edward Fox and Associates, P.C., Williard Inc., United States Fidelity and Guaranty Company, Arch Insurance Company, and Williard, a Division of Limbach Co., L.L.C. ("Division of Limbach") alleging negligence and breach of contract in relation to a construction project in Camden, New Jersey. [Docket Item No. 1.]  On January 31, 2007, Defendants moved to dismiss based on lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). [Docket Item No. 9]. Specifically, Defendants contend that Hessert has not alleged sufficient facts

---

[1] The questions engendered by the motions before the Court are purely questions of law; therefore, the Court need not discuss the facts underlying the parties' substantive claims.

to support its assertion of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because Hessert failed to allege the citizenship of the members of the limited liability company Hessert or the members of the limited liability company Division of Limbach.  (Defs.' Br. at 3.)  Furthermore, Defendants offered to provide a sworn affidavit establishing that the constituent members of Division of Limbach are citizens "of several states including Pennsylvania, New Jersey, and New York," to the extent that such a showing would destroy complete diversity of citizenship. (Id. at 3-4.)  On February 13, 2007, Hessert moved to amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a). [Docket Item No. 14].  Hessert's proposed amendment remedies the informational insufficiency of the original Complaint by alleging that the members of Hessert are citizens of New Jersey and, "on information and belief," that all members of both Division of Limbach and its parent company Limbach Co., L.L.C.[2] ("Limbach") are "citizens of states other

---

[2] Hessert's proposed amended complaint refers to Limbach Company, L.L.C. as the parent company of Division of Limbach. (Prop. Am. Compl. ¶ 5.)  This comports with Defendants' allegations.  (See Aff. of Bacon ¶ 1) ("Defendant [Division of Limbach] is an operating division of Limbach Company, L.L.C."). One sentence later, however, Hessert asserts that "all members of Division of Limbach and Williard Company, L.L.C. are citizens of states other than New Jersey."  (Am. Compl. ¶ 5) (emphasis added).  No mention of this latter entity is ever made again by either party.  The Court therefore assumes that this reference to Williard Company, L.L.C. is a typographical error and that the Plaintiff was trying to refer to the aforementioned Limbach Co., L.L.C.

3

than New Jersey." (Am. Compl. ¶¶ 1, 5.)

Finally, Defendants filed a supplemental brief in support of their Motion to Dismiss and in opposition to Hessert's Motion to Amend ("Supplemental Brief"). [Docket Item No. 16.] The Supplemental Brief contained the sworn affidavit of Mr. Charles A. Bacon ("Bacon"), stating that he is a member of Limbach Holdings, L.L.C., which is the sole member of Limbach Facility Services, L.L.C., which in turn is the sole member of Limbach, of which Defendant Division of Limbach is a division. (Aff. of Bacon ¶¶ 1-8.) Bacon also states that he is a citizen of the state of New Jersey. (Id. ¶ 8.) Accordingly, Defendants insist that Hessert's Motion to Amend must be denied because Hessert's amendment of the jurisdictional allegations would be futile, and that Defendants' Motion to Dismiss must be granted for lack of subject matter jurisdiction because there is not complete diversity of citizenship. (Defs.' Supplm. Br. at 2-3.)

## II. **DISCUSSION**

The issue underlying both motions is whether this Court has subject matter jurisdiction over the case at bar, pursuant to 28 U.S.C. § 1332 ("Section 1332").

### A. Standard of Review

#### 1. Motion to Dismiss

A party may, at any time, move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This

4

Court has original jurisdiction over "all civil actions . . . between citizens of different states" in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  However, it is insufficient that the plaintiff and one of the defendants are citizens of different states; rather, each and every defendant in the action must be a citizen of a different state than the plaintiff.  See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Midlantic Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995).

       2.   Motion for Leave to Amend

Leave to amend pursuant to Federal Rule of Civil Procedure 15(a) should be freely granted "when justice so requires."  Fed. R. Civ. P 15(a); see Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984) (noting that Rule 15(a) "embodies the liberal pleading philosophy of the federal rules") (internal citation omitted), cert. denied, 469 U.S. 1122 (1985).  Although liberally granted, the decision to grant leave to amend a complaint rests within the sound discretion of the trial court.  Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).  Trial courts may refuse to grant leave when a plaintiff exercises "undue delay," demonstrates "bad faith or dilatory motive," repeatedly "fail[s] to cure deficiencies by amendments previously allowed," where allowing the amendment would "undu[ly] prejudice [] the opposing party," or where the amendment would be futile.  Dole v. Arco

Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

**B.  Analysis**

For purposes of Section 1332, citizenship of a business entity is determined by utilizing one of two methods depending upon whether the entity is or is not incorporated.  For example, a corporation is deemed to be a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  In contrast, a non-corporate business entity is deemed to be a citizen of every state in which an entity-owner is a citizen.  Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990).

Although in Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n. of Phila., the Third Circuit held that a limited partnership is a citizen of the states of each of its members, 657 F.2d 29, 31-32 (3d Cir. 1990), the specific issue of the citizenship of a limited liability company, for purposes of Section 1332, has not been addressed by the Court of Appeals. District Courts in this Circuit have generally held that the citizenship of a limited liability company is determined by the citizenship of its members.  See Food & Culinary Tech. Group Inc. v. Ore Enters., L.L.C., No. 06-3221, 2006 U.S. Dist. LEXIS 52252, at *2 (D.N.J. July 31, 2006) (recognizing that limited liability company citizenship is based on the citizenship of all members);

6

Kalian at Poconos, L.L.C. v. Saw Creek Estates Cmty. Ass'n, Inc., 275 F. Supp. 2d 578, 586 (M.D. Pa. 2003) (noting that limited liability companies are treated identically to limited partnerships for purposes of Section 1332); Pippett v. Waterford Dev., L.L.C., 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001) (same). The great weight of authority from other jurisdictions likewise treats limited liability companies like limited partnerships and holds that the limited liability company is a citizen of each and every state in which one of its members is a citizen.[3]  See GMAC Comm'l. Credit L.L.C. v. Dillard Dep't. Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) (holding that a limited liability company is a citizen of the states of each of its members by reasoning that this rule coincides with the common law tradition

---

[3] Although limited liability entities resemble corporations in many respects, to include the passive management role performed by both limited liability entity-owners and corporate shareholders, see Carden v. Arkoma Assocs., 494 U.S. 185, 200 (1990) (O'Connor, J., dissenting) (arguing that passive owners are not real parties to the controversy and should be discounted for purposes of Section 1332), the Supreme Court has flatly rejected arguments in favor of extending the rule of corporate citizenship to analogously formed business entities, see id. at 189 ("[A]lthough possessing 'some of the characteristics of a corporation' . . . [a limited liability company] may not be deemed a 'citizen' under the jurisdictional rule established for corporations[;] . . . [t]hat rule must not be extended.").  Circuit courts, recognizing the similarities shared by corporations and limited liability companies, have nevertheless strictly adhered to the rule established by the Supreme Court in Carden.  E.g., GMAC Comm'l Credit L.L.C. v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (noting that the courts must wait for Congress to extend the rule of corporate citizenship to limited liability companies).

"of treating only incorporated groups as legal persons and accounting for all other groups as partnerships") (citation omitted); Handelsman v. Bedford Village Assocs. Ltd. P'ship., 213 F.3d 48, 51-52 (2d Cir. 2000) (same); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (reasoning that limited liability companies are non-corporate entities like limited partnerships).

In Hart v. Terminex, the Seventh Circuit considered whether diversity jurisdiction existed between the Harts, plaintiff-citizens of Illinois, and Terminex, a "Delaware limited partnership," one of whose partners was itself a partnership. 336 F.3d 541, 543 (7th Cir. 2003). The court, noting that the citizenship of an unincorporated business entity corresponds to the citizenship of each and every one of its members, "traced through" the layers of Terminex's ownership and eventually found a partner-corporation who was a citizen of Illinois. Id. at 544. As a result, the appellate court remanded with instructions to dismiss for lack of subject matter jurisdiction. Id.; see also Master v. Quiznos Franch. Co., No. 06-4253, 2007 WL 419287, at *1 (D.N.J. Feb. 1, 2007) (citing this approach with approval); Food & Culinary Tech. Group Inc., 2006 U.S. Dist LEXIS 52252, at *2 (same).

Accordingly, whether or not this Court has jurisdiction over the case at bar hinges upon whether any member of Division of Limbach is a citizen of the same state as Hessert, which is a

citizen of New Jersey for purposes of diversity.[4]  Hessert argues that it is diverse from Division of Limbach by alleging, "on information and belief," that all members of both Limbach and Division of Limbach are "citizens of states other than New Jersey."  (Pl.'s Br. at 3; Prop. Am. Compl. ¶ 5.)  Conversely, Defendants argue that Division of Limbach is not diverse from Hessert by producing Bacon's sworn affidavit which asserts that Division of Limbach is a division of Limbach whose sole member is Limbach Facilities Services, L.L.C.  (Aff. of Bacon ¶ 3.)  In turn, asserts Bacon, the sole member of Limbach Facilities Services, L.L.C., is Limbach Holdings, L.L.C. (Id. ¶ 5.)  Finally, Bacon asserts that he is a member of Limbach Holdings, L.L.C., (id. ¶ 7), and that he is a citizen of New Jersey, (id. ¶ 8).

Ultimately, the Plaintiff has the burden of persuading this Court that it has jurisdiction. Kehr Packages, Inc. v. Fidelcor,

---

[4] As a preliminary matter, this Court will not differentiate between the citizenship of Division of Limbach and that of its parent-company Limbach.  A division of a company, not being an entity separate and distinct from the company of which it is a part, does not have separate citizenship for diversity jurisdiction purposes. See Schwartz v. Elec. Data Sys., Inc., 913 F.2d 279, 284 (6th Cir. 1990) (citing Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) (noting that a division of a company does not possess "formal separateness" sufficient to be considered an entity apart from its parent company for the purposes of diversity jurisdiction)).  Moreover, no party contends that Division of Limbach is a citizen of a state other than that of Limbach.

Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); see Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (noting that when movants attack the existence of subject matter jurisdiction as a matter of fact, there is no presumption of truthfulness, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"). Plaintiff has failed to meet its burden of persuading the Court that it has jurisdiction. In the two months since Defendants filed their Supplemental Brief, Plaintiff has not come forward with evidence rebutting Defendants' assertion that Division of Limbach is a citizen of New Jersey. See generally Vail v. Doe, 39 F. Supp. 2d 477, 477 (D.N.J. 1999) (highlighting the unconvincing nature of allegations of diversity "on information and belief"). Absent such a rebuttal, this Court must rely on Bacon's affidavit describing Division of Limbach's chain of membership and asserting that New Jersey citizen-Bacon is one of those members, see Hart, 336 F.3d at 543 (noting that "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be") (internal citation omitted), and conclude that Division of Limbach is a citizen of New Jersey. This Court therefore holds that it does not have jurisdiction, pursuant to 28 U.S.C. § 1332, to adjudicate the controversy because Hessert and Division of Limbach are both

10

citizens of New Jersey.  See Hansen, 48 F.3d at 696 (noting that federal subject matter jurisdiction requires complete diversity).

Accordingly, granting leave to amend the complaint is futile.  Although there is no indication that granting Hessert leave to amend would be inequitable, (see Pl.'s Br. at 3) (noting, inter alia, the timeliness, sincerity, and innocuousness of the proposed amended complaint), granting leave to amend would be futile because this Court, for reasons stated supra, does not have subject matter jurisdiction over the controversy, and the amendment would not cure that deficiency, see Bair v. City of Atl. City, 100 F. Supp. 2d 262, 263 (D.N.J. 2000) (citing FDIC v. Bathgate, 27 F.3d 850, 874 (3d Cir. 1994) (noting that an amendment is clearly futile when it would not withstand a motion to dismiss)).  It is immaterial that Plaintiff's proposed amended complaint would address the jurisdictional deficiency of the original complaint by alleging the citizenship of Hessert and Division of Limbach because, as noted, the uncontested jurisdictional fact of Bacon's citizenship in New Jersey leads only to the conclusion that Division of Limbach is a New Jersey citizen for purposes of Section 1332.  Accordingly, the Court

11

finds it does not have subject matter jurisdiction over the case pursuant to Section 1332.[5]

### III.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss for lack of subject matter jurisdiction will be granted and the Complaint will be dismissed without prejudice to refiling in a court of competent jurisdiction.  Likewise, Plaintiff's Motion for Leave to Amend and in the alternative to Remove to state court will be denied.  The accompanying Order is entered.


**July 13, 2007**                              **s/ Jerome B. Simandle**
Date                                           Jerome B. Simandle
                                               U.S. District Judge

---

[5] In the alternative Plaintiff asks this Court to "remove[] to state court" instead of ordering dismissal. (Pl.'s Br. at 4.) Plaintiff's request is nonsensical because this Court cannot "remove" a case to state court.  Indeed, removal is a doctrine that provides a defendant with an opportunity to have his state court case heard in federal court.  See 28 U.S.C. § 1441(a) (2000).  If the Plaintiff wishes to pursue this claim in state court, it may do so by filing in that court. This Court has no authority to remand to state court an action that did not originate there.  See 28 U.S.C. §§ 1447, 1448 (failing to provide for remand of complaints originally filed in district court).

12